# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| KENNETH WETTERMAN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO: 3:16-CV-179-TLS |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

The Petitioner, a pro se prisoner, filed a habeas corpus petition [ECF No. 1] challenging his termination from his job assignment with the Prison Enterprises Network (PEN) and his removal from the United States Department of Labor ("USDOL") Time Cut Program.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Petitioner argues that because he was expelled from the Time Cut Program, he lost the opportunity to earn six months credit time that he could have received upon completion of the program; and thus, the Respondent's challenged actions lengthened the duration of his confinement. The Seventh Circuit Court of Appeals has determined, however, that collateral consequences—like being expelled from the USDOL Time Cut Program—cannot be remedied in a habeas corpus proceeding upon a showing that *potential* credit time has been lost. *See id.* (finding that a habeas corpus petition is an appropriate remedy when "a benefit already conferred has been taken away," (i.e., the revocation of good-time credits earned, or the lowering of a previously established credit-earning classification)); s*ee also Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (holding that the loss of an inmate's job, housing assignment, reputation, and access to prison programs were insufficient collateral consequences to permit jurisdiction over a prison disciplinary habeas corpus

petition which did not result in the loss of earned credit time.) As a result, the Petitioner's claims should have been raised—if at all—under 42 U.S.C. § 1983. *See, e.g., Zimmerman v. Tribble*, 226 F.3d 568, 571–72 (7th Cir. 2000) (addressing, under § 1983, a prisoner's constitutional claim that his transfer from a prison that had vocational training and substance-abuse programs prevented him from earning credit time).

Because the Respondent's challenged actions did not result in the lengthening of the duration of the Petitioner's confinement, the Court **DENIES** the Petitioner's habeas corpus petition [ECF No. 1] pursuant to SECTION 2254 HABEAS CORPUS RULE 4 and **DISMISSES** this case.

SO ORDERED on March 30, 2016.

                                              s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT
                                             FORT WAYNE DIVISION